State *v.* Igo.

––––––––––

THE STATE, Respondent, *vs.* IGO, Appellant.

21  459|<br>106  125|

1. The mere fact that a juror in a criminal case separates from his fellows after they have retired to consider of their verdict, and is seen in conversation with a by-stander, is no sufficient ground for setting aside the verdict, there being no ground for suspecting any improper influence.

*Appeal from Morgan Circuit Court.*

The facts are sufficiently stated in the opinion of the court.

*Edwards*, for appellant. A juror having separated himself from his fellows, without being attended by an officer of the court, without the consent of the court, after the cause was submitted to the jury, and before the jury had agreed on their verdict, said verdict was void. (3 Harris' (Penn.) Rep. 470.

*Wesley* v. *The State*, H. Humphrey's (Ten.) Rep. 512. *McCann* v. *The State*, 9 Smedes & Marsh. (Miss.) Rep. 465.) The facts in this case are different from those in the case of *Whitney* v. *The State*, 8 Mo. Rep., and *State* v. *Barton*, 19 Mo. Rep.

*Gardenhire*, (attorney general,) for the State. It has often been decided that the separation of the jury is, of itself, *prima facie* cause for a new trial. (7 Eng. (Ark.) 782. 9 Sm. & Marsh. (Miss.) 465. 13 ib. 398, ib. 500. 1 Swan. (Ten.) Rep. 256. 8 Humph. 597. 11 ib. 169, ib. 502—a capital case. 1 Va. cases, 271. 2 ib. 375. 11 Leigh, 633. 3 Harris (Penn.,) a capital case, in which the prisoner consented to the separation.) But such is not the English doctrine, (1 Chitty's Rep. 401 ; 1 Chitty's C. L. 634;) nor is it the doctrine of most of the American states. (Wharton's C. L. 895. 2 Blackf. 114. 2 Carter (Ind.) 435. 11 Ohio, 471. 13 ib. 492. 15 ib. 72. 2 Bailey, 565. 2 Strobh. 178. 2 Rich. (S. C.) 119. 1 Bailey, 651. 1 Dev. & Bat. 500. 7 New Hamp. 290. 1 Conn. 401. 12 Pick. 496. 4 Cowen, 26. 5 Cowen, 284. 17 Wend. 423. 5 Hill, 32. 1 Parker's Crim. Rep. (N. Y. 1854) 256.) And it is not the doctrine of Missouri. (3 Mo. Rep. 165. 16 Mo. Rep. 391. 19 Mo. Rep. 227.)

LEONARD, Judge, delivered the opinion of the court.

This was an indictment for a felonious assault and shooting, with intent to kill, upon which the defendant was convicted and sentenced to two years' imprisonment in the penitentiary. After the verdict, a motion was made for a new trial, upon affidavits that one of the jurors, after the jury had retired from the bar to consider of their verdict, was seen on the public square, unattended by an officer, in conversation with a bystander ; but upon what subject, and how long, was not shown. The motion was overruled, and the record showing nothing more, the only matter for our judgment is the naked, dry ques-

State *v.* Igo.

tion, whether this separation of the juror from his fellows is, of itself, without any thing further, a sufficient ground to set aside the verdict, and we are all clearly of the opinion that it is not.

Mr. Wharton (Crim. Law, 1008,) says : "The general rule is, that the verdict will not be set aside on account of the misconduct or irregularity of a jury, even in a capital case, unless it be such as might affect their impartiality, or disqualify them for a proper exercise of their functions. An exception, however, formerly existed in England, and is still recognized in several of the United States, in felonies, where the jury separate, after the opening of the evidence. While, on the one hand, the present practice in England, and in a portion of the American courts, is to sustain the verdict, when the separation has been inadvertent, and no abuse has resulted from it. On the other hand, it has been considered, in several instances, that the mere separation, without permission, is, in itself, *prima facie* reason for a new trial."

By the old law, " a jury, after their evidence given upon the issue, ought to be kept together, in some convenient place, without meat or drink, fire or candle, and without speech with any, unless it be the bailiff, and with him only if they be agreed." (Co. Lit. 227.) A different rule, however, has since been acted upon, and now, according to the English practice, juries are permitted to separate, in all cases, except felonies, whenever, in the discretion of the court, it seems proper; and their mere dispersion or separation, with or without leave, is no ground for setting aside their verdict. (*Rex* v. *Woolf*, 1 Chit. (Eng. Com. L. Rep.) 401. *The King* v. *Kuincar and others*, 2 Barn. & Ald. 592.) In felonies, however, the old rule still prevails in England, except in cases of overruling necessity ; but as new trials are never allowed there in felonies, the effect of an inadvertent or even wilful separation of one or more of the jurors from his fellows, has never been a subject of discussion there. In the United States, however, where motions for new trials are entertained in cases of felony as well

30—VOL. XXI.

as of misdemeanors, this matter has been frequently under discussion, and the decisions are very far from being uniform.

In some of the states, the mere separation, without any thing more, is a sufficient ground for a new trial. This was so settled in Virginia, in an early case, ( *The Commonwealth* v. *McCaul,* 1 Va. Cases, 304,) and has been followed in some other states.

In New Hampshire, the rule adopted is, that the separation is no ground for setting aside the verdict, when the court is satisfied the prisoner has sustained no injury; yet, the presumption is, that it was prejudicial to him, and this presumption must be overcome by proof on the part of the government, showing that the prisoner suffered no injury by reason of the separation, or the verdict must be set aside. ( *State* v. *Prescott,* 7 New Hamp. 287.)

In New York and other states, the practice of the English courts, in civil cases, and trials for misdemeanors, is followed, and a separation, where it does not appear that some abuse has resulted from it, to the prejudice of the prisoner, is no cause for avoiding the verdict. ( *The People* v. *Douglass,* 4 Cow. 26. *The People* v. *Ransom,* 7 Wend. 423.)

In the case of the *People* v. *Ransom,* it is said, " that the doctrine upon this subject is the same in criminal and even capital cases as in civil, is clearly settled." The case of the *People* v. *Douglass* was a conviction for murder. During the trial, the jury had leave to retire from the box under the charge of two sworn constables, and the direction of the court to keep together, and return speedily into court. Two of the jurors separated from their fellows, drank whisky, took other refreshments, and conversed with the by-standers on the subject of the trial. Upon an application for a new trial, for the misconduct of the jury, each of the judges expressed a decided opinion that the mere separation of the jury, though in violation of their duty, and against the express directions of the court, and although in a capital case, would not, of itself, be a sufficient cause for setting aside the verdict; nor would the mere fact of

eating vitiate the verdict; but the court were unanimous in the opinion, that the drinking of ardent spirits, though not to an extent that produced intoxication, was a gross and fatal irregularity, and that its tendency to abuse was so strong and inevitable that they would not inquire whether injury had actually resulted from it. They would hold it a conclusion of law, not to be rebutted, that its effects had been injurious, and on that ground principally a new trial was granted. The case of the *King* v. *Woolf*, (1 Chitty's Rep. 401,) fully sustains the general principle maintained in the cases already referred to. That was an indictment for a conspiracy, and the jury, during an interval of an adjournment, were permitted by the judge to retire to their respective houses, and a new trial was moved for on that ground. All the judges held that it was immaterial, as it regarded that motion, whether separation of the jury was with or without the consent of the court; only in the latter case it would be a misdemeanor in the jury, while in the former, it would not; and Abbott, Chief Justice, says: " Though it may be a misdemeanor in them to separate, without the consent of the judge, it will not avoid the verdict;" and each of the other judges expressed the same opinion.

This court has heretofore acted upon the same principle, (*Whitney* v. *The State*, 8 Mo. Rep. 165, and the *State* v. *Barton*, 19 Mo. Rep. 228,) and we are not disposed to depart from it. Indeed, we think no other rule could be adopted upon the subject, consistent with a proper and efficient administration of the law. When the verdict is such as the court thinks ought to have been rendered upon the law and evidence, and no improper influence has been exerted, in any manner, over the jury, nor any just grounds for suspecting any such influence, it would seem to be but trifling with the administration of the criminal law of the land, to set aside a verdict upon the mere possibility that the jury may have been improperly influenced.

In the present case, the evidence given upon the trial is not preserved in the record, nor is there a single circumstance shown

from which we can infer that any injury resulted to the prisoner from the alleged separation, or even to excite the least suspicion of any improper influence. The judgment is affirmed.