———+o-o-o+———

SMITH *et al.*, Appellants, v. PHILLIPS, Respondent.

1. A party relying upon a sheriff's deed to show title in himself, must produce the deed itself in evidence; unless its absence be accounted for, secondary evidence of its contents can not be admitted.
2. Hearsay evidence is inadmissible.

*Appeal from Perry Circuit Court.*

This was an action in the nature of an action of ejectment. The plaintiffs assert title to the tract of land in dispute as

heirs of one Henry Clark. The defendant in his answer denies plaintiffs' title, asserts title in himself, and sets up the statute of limitations.

At the trial the defendant, to show title in himself, introduced in evidence, against the objection of plaintiffs, a record of acknowledgment by the sheriff of Perry county of a deed from himself as sheriff to one Gustavus A. Bird. This acknowledgment purported to be an acknowledgment of a deed executed by said sheriff, conveying to said Bird " a tract of three hundred arpens of land, more or less, situate, lying and being in Bois Brule township, in the county of Perry, which tract of land was sold by virtue of a decree or order of sale issued from this court in favor of Gustavus A. Bird, Ezekiel B. Herrrick, executors, and Penelope Bird, executrix of Amos Bird, deceased, against Henry Clark, and was sold on the second day of the present term of this court, and whilst the court was in session, conformably to notice, and was purchased by said Gustavus A. Bird, he being the highest and best bidder, for the sum of eighty-five dollars." One Sanders also testified, against the objection of plaintiffs, that he had heard from one Logan, under whom defendant claimed title, and others, that Bird sold said tract to Logan.

*T. C. Johnson* and *Gale*, for appellants.

I. The defendant did not show title out of plaintiff. The sheriff's deed, if any was in existence, should have been produced. The acknowledgment was inadmissible in evidence. The description therein was also defective. Nor has the defendant shown title in himself through Logan. The declarations of Logan were inadmissible in evidence.

II. The defendant did not make out a defence under the statute of limitations. (Blair v. Smith, 16 Mo. 273 ; 6 Serg. & Raw. 25 ; Sarber v. Willing, 10 Watts, 141 ; Small v. Proctor, 15 Mass. 495 ; Boston Mill Corp. v. Bullfinch, 6 Mass. 229 ; 10 Mass. 93 ; 3 Metc. 125 ; 6 Pick. 172 ; 8 Pick. 292 ; 10 N. H. 397 ; 18 Verm. 294 ; 9 Watts, 192 ; 6 Barr, 271.)

*Noell* and *Frissell*, for appellants.

I. The only question is as to the effect of the statute of limitations upon the state of facts proven. There is a clear bar. (13 Mo. 335; 16 Mo. 273; 19 Mo, 660; 20 Mo. 186.) The proof of the acknowledgment of the sheriff's deed to Bird, with a continuous subsequent possession under Bird's claim, is sufficient to raise the presumption at this date that such a deed did exist, if it is not positive proof thereof.

II. There was no error in permitting Sanders to state that he had heard Logan say he had bought of Bird. It was competent evidence while Logan was in possession to show how he claimed, and to show that his claim was not confined to the deed to himself from Henry Clark. Logan's sale of the whole tract to Sanders was an open assertion of dominion over it, and also shows the extent of his possession.

RICHARDSON, Judge, delivered the opinion of the court.

The best evidence of which the case is susceptible must be produced, and evidence is never primary when it carries on its face the indication that better exists. The law requires a sheriff, when he sells real estate under execution, to execute, acknowledge and deliver a deed to the purchaser, on complying with the terms of sale; and whenever title is asserted under a sheriff's sale, the production of a deed is required or its absence accounted for as a preliminary to the introduction of secondary evidence of its contents. The copy from the record of the sheriff's acknowledgment was read by the defendant, to prove that a deed had been made to Bird; but it indicated on its face the existence of better proof of the fact sought to be established by it; and the most that could be claimed for it was, that it was secondary evidence, which was inadmissible in any aspect of the case, without proof of the previous existence and loss of the deed.

Whether there are degrees in the various kinds of secondary evidence, it is not important to discuss, nor to decide whether, admitting the previous existence of a deed from the

sheriff and its loss, the record entry read by the defendant was the best evidence of its contents ; for no foundation was laid for the introduction of secondary evidence of any kind or in any degree. The testimony of the witness that he had heard that Logan had purchased the land in controversy from Bird was also improperly admitted, and for these reasons the judgment, with the concurrence of the other judges, will be reversed and the cause remanded.