BAZILE HINEY, Respondent, *v.* JOHN THOMAS AND EMMA THOMAS, Appellants.

*Practice—Evidence—Fraud.*—A creditor claiming title to land by virtue of a purchase under his judgment and a sale by the sheriff, and seeking to set aside a prior conveyance of the debtor on the ground of fraud, must show that he has acquired the title by a sheriff's deed, if the title be put in issue by the pleadings.

*Appeal from Jefferson Circuit Court.*

*Beal & Thomas,* for respondent.

*Green,* and *Voullaire & Jourdan,* for appellants.

HOLMES, Judge, delivered the opinion of the court.

This is a petition in the nature of a bill in equity by a judgment creditor who has subjected the land to sale by the sheriff, under execution, and himself become the purchaser, praying that a prior conveyance of the land to trustees, in trust for the separate use of the wife of the defendant John Thomas, be declared void, on the ground of fraud. It states that the purchase money was paid by the husband, and that the conveyance and settlement upon the wife were made to defraud creditors, existing and subsequent; and it states the judgment, execution and sale of the land by the sheriff, and alleges that at the sale the plaintiff Bazile Hiney "became the purchaser of the premises, by which purchase he became entitled to the land aforesaid." And he prays to have the conveyance to trustees to the use of the wife declared void ; that the defendants be divested of title ; that the title be absolutely vested in plaintiff, and that he may have a writ of possession for the premises.

The answer of the defendants denied all fraud, and denied that "Bazile Hiney acquired any right or title to said land by virtue of any purchase under said execution, or by virtue of any deed received from said sheriff."

On the trial before the court the plaintiff gave evidence tending to prove fraud, and showed the judgment, execution,

sale, and return of the sheriff showing that the land had been struck off to him for the sum of five dollars; but no deed from the sheriff was produced.

It is now contended on the part of the plaintiff that a deed to him from the sheriff was sufficiently admitted, as not being specifically denied or put in issue by the answer. The petition would have been demurable without a substantial allegation that the sheriff had conveyed the land by deed to the plaintiff. He would not be the purchaser in law, nor become entitled to the land otherwise than by a deed from the sheriff. His allegation is informal, argumentative and vague. We are not required to say it would be held sufficient on demurrrer; but, such as it was, the defendants chose to take issue upon it, and the denial is certainly more positive, clear and definite than the allegation; and it expressly denies that the plaintiff became entitled to the land in controversy by virtue of any deed from the sheriff. This very material averment was thus distinctly put in issue. Ii would have been more in accordance with the rules of pleading if the plaintiff had made a formal and distinct allegation of a conveyance of the land by deed from the sheriff, and filed the deed itself as an exhibit with his petition.

Without showing that he had acquired the title of John Thomas, the plaintiff would be in no condition to complain of his frauds, and could not, therefore, be entitled to the relief for which he prayed. In the case of a creditor's bill, or where a creditor has obtained judgment and acquired a lien upon the property of his debtor, and files a bill to set aside a former conveyance or judgment and to enforce the lien, and to subject the property of the debtor to a judicial sale for the payment of his debts, the relief is granted upon the ground of the lien, or other equitable rights against the debtor's property. (Martin v. Michael, 23 Mo. 50; Brinkerhoff v. Brown, 4 J. Ch. 671; Melville v. Brown, 1 Harr. & J. 367.) In the case of the United States Bank v. Burke (4 Blackf. 141), where the debtor had died after judgment and before execution, it was held that a bill in equity might be maintained to

annul a deed made in fraud of creditors, and to enforce the judgment lien against the property of the deceased by subjecting it to a judicial sale for the payment of the debt. But in this case the petition does not seek to enforce a judgment lien, nor to subject the property of his debtor to sale; but his object and the prayer of his petition is to have his own title set up, and to have certain prior conveyances removed, on the ground of fraud, as clouds or encumbrances upon the title which he has acquired to this land by his purchase at the sheriff's sale, under his judgment. It is obvious that he can have no standing in a court of equity, nor be entitled to the relief prayed for, until he establishes his title, and that cannot be done without showing a deed from the sheriff. (Smith v. Phillips, 25 Mo. 555.)

In any view of the case the judgment rendered was erroneous. For this reason the defendant's motion for a new trial should have been granted. There is no occasion that we should now go into any investigation of the matter of the fraud.

Judgment reversed and cause remanded. The other judges concur.