THE STATE OF MISSOURI, Defendant in Error, *v.* AUSTIN BRAN-NON, Plaintiff in Error.

1. *Practice, civil — Jury, separation of, will not invalidate a verdict, when.*— It is the well-settled doctrine in this State that the separation of a jury in a criminal case will not invalidate a verdict or furnish grounds for a new trial, there being no ground to suspect that they have been tampered with or that they have acted improperly.

### Error to First District Court

*A. Budd,* for plaintiff in error.

In capital cases a jury can never be permitted to separate. (1 Bishop on Crim. Procedure, §§ 821, 822, 824; 11 Howard's State Trials, 562, 563, 564; 19 Howard's State Trials, 671, note 11; McClean v. State, 8 Mo. 153; Maher v. State, 3 Mo. 444; Kernan v. State, 8 Wis. 132; Madden v. The State,

1 Kansas, 340 ; Quinn v. The State, 14 Ind. 589 ; Jumpertz v. The People, 21 Ill. 375 ; Puffer v. C. W., 15 Penn., 3 Harris, 468 ; Hare v. The State, 4 Howard, Miss., 187 : Commonwealth v. Wormley, 8 Gratt., Va., 712 ; Bowles v. The State, 13 S. & M., Miss., 398 ; Hines v. The State, 8 Humph., Tenn., 646 ; State v. Prescott, 7 N. H. 287 ; Wesley v. The State, 11 Humph., Tenn., 502 ; Browning v. State, 33 Miss. 47 ; 1 Bishop on Crim. Procedure, §§ 424, 827 ; State v. Mansfield, 41 Mo. 470. )

*H. B. Johnson*, Attorney-General, for defendant in error.

It is competent for a judge, when trying a capital or other felony, to permit the separation of the jury during the progress of the trial, and a conviction is not vitiated thereby unless such separation is shown to have been accompanied by some abuse prejudicial to the accused. (State v. Whitney, 8 Mo. 165 ; State v. Mix, 15 Mo. 153 ; State v. Burton, 19 Mo. 227 ; State v. Barlow, 21 Mo. 446 ; State v. Igo, 21 Mo. 459 ; Stephens v. People, 19 N. Y. 549 ; State v. Ryan, 13 Minn. 378 ; Sargeant v. State, 11 Ohio, 474 ; State v. Ingles, 13 Ohio, 492 ; Davis v. The State, 15 Ohio, 72 ; Evans v. The State, 7 Ind. 271 ; State v. McKee, 1 Bailey, S. C., 651 ; State v. Anderson, 2 Bailey, S. C., 565 ; State v. Babcock, 1 Conn. 401 ; People v. Douglas, 4 Conn. 26 ; McCrary v. Com., 5 Casey, 223, 227 ; Rex v. Rennear, 2 B. & Ad. 462 ; 1 Bish. Crim. Proc. § 828.)

WAGNER, Judge, delivered the opinion of the court.

The defendant was tried at the October term, 1868, of the Johnson County Circuit Court, on an indictment for murder, and convicted of murder in the second degree and sentenced to the penitentiary.

The only point made in favor of a reversal is that the jury, after they were impaneled and sworn, were permitted to separate. This separation was by consent of parties before any evidence was introduced, and for one night only. To say nothing about the consent given to the separation by the defendant himself, it is the well-settled doctrine in this State that the separation of a jury in a criminal case will not invalidate a verdict or furnish

grounds for a new trial, there being no reason to suspect that they have been tampered with, or that they have acted improperly. (Whitney v. State, 8 Mo. 165; State v. Mix, 15 Mo. 153; State v. Barton, 19 Mo. 227; State v. Igo, 21 Mo. 459.) And the law has been held the same where the accused was on trial for murder. (State v. Harlow, 21 Mo. 446.)

Judgment affirmed. The other judges concur.