STATE OF MISSOURI, Plaintiff in Error, v. GEORGE MATRASSEY, Defendant in Error.

1. *Practice, criminal — Verdict — Jury — Discharge — Consent of prisoner.* — In criminal trials the court has the undoubted authority, in its discretion, to discharge a jury when satisfied that they would be unable to agree on a verdict, and without procuring the consent of the prisoner.

2. *Practice, criminal — Verdict — Separation of jury no ground for new trial, when.* — The mere fact of a separation of the jury in a criminal case will not invalidate a verdict or furnish ground for a new trial, there being no reason to suspect that they have been tampered with or that they have acted improperly. (State v. Brannon, 45 Mo. 329.)

3. *Practice, criminal — Indictment — Degree of offense need not be specified in verdict, when.* — Under the present law (Wagn. Stat. 1107, § 1) it is unnecessary for the jury to specify the degree of the offense unless they convict of an inferior degree to the one charged in the indictment.

*Error to First District Court.*

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted and convicted for robbery in the first degree, and sentenced to the penitentiary for ten years. The judgment of conviction was reversed in the District Court. The indictment contained only one count. There is no bill of exceptions that we can notice in this case, and we can therefore only examine whatever errors or irregularities appear upon the face of the record. The first point seems to. be that the court, on the first trial, discharged the jury when they failed to agree, without the consent of the prisoner. But the record does not show that any objection was made, and the court had the undoubted authority, in its discretion, to discharge the jury when it became satisfied that they would be unable to agree on a verdict. (Const. Mo., art. I, § 19; State v. Scott, 45 Mo. 302.)

Upon the second trial, without any objection from the defendant, the jury were permitted to separate, with instructions from the court. The mere fact of a separation of the jury in a criminal case will not invalidate a verdict or furnish grounds for a new trial, there being no reason to suspect that they have been tampered with or that they have acted improperly. (State v. Brannon, 45 Mo. 329, and cases cited.)

It is further objected that the verdict was bad because it did not specify the degree of the offense of which defendant was convicted. Under our former law it would have been unnecessary to specify the degree (State v. Upton, 20 Mo. 397), but the law has since been changed. The statute now provides that upon the trial of any indictment for any offense, where, by law, there may be a conviction for different degrees of such offense, the jury, if they convict the defendant of a degree of the offense inferior to the offense alleged in the indictment, shall specify in their verdict of what degree of the offense they find the defendant guilty. (2 Wagn. Stat. 1107, § 1.) Under this section it is only necessary for the jury to specify the degree of the offense when they convict of an inferior degree to the one charged. The

indictment in the present case was for robbery in the first degree, and the jury convicted the prisoner of that offense. The verdict was sufficient. I have failed to find any errors in the record.

The judgment of the District Court will be reversed, and that of the lower court affirmed. The other judges concur.