———o———

STATE OF MISSOURI, Respondent, *vs.* EDWARD DOUGHERTY, Appellant.

1. *Criminal law—Separation of jury—When not a ground for new trial.*—The mere fact of the separation of the jury will not invalidate the verdict or furnish grounds for new trial, unless it be made to appear that they have been tampered with, or that they have acted improperly.

*Appeal from Jasper Circuit Court.*

*J. F. Hardin,* for Appellant.

*H, Clay Ewing, Att'y Gen'l,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The accused was convicted of murder in the second degree, and it is urged, that the court erred in giving instructions; but the instructions are not embodied in the bill of exceptions; moreover, no objections were made to any ruling of the court at the trial, and no exceptions were taken or saved. It is therefore obvious, that there is nothing presented by the record, calling for a revision in this court.

An affidavit accompanied the motion for a new trial, stating that on one occasion, during the progress of the trial, the officer permitted the jury to separate; but it is not alleged or pretended, that they were guilty of any improper practices, or that they were in anywise tampered with.

The rule has long been established here, that the mere

fact of a separation of the jury in a criminal case will not invalidate a verdict, or furnish grounds for a new trial, unless it is made to appear, that they have been tampered with, or that they have acted improperly. (State vs. Matrassey, 47 Mo., 295; State vs. Brannon, 45 Mo., 329, and cases referred to.)

The indictment was sufficient, and we see no error in the record.

Judgment affirmed. The other judges concur.