THE STATE v. WILLIAM GRATE, *Plaintiff in Error.*

1. **Return of Indictment into Court.** The failure of the record to show in express terms that the indictment was returned into open court by the grand jury, will not warrant the reversal of a judgment of conviction upon an indictment for murder. An endorsement upon the indictment as follows: "A true bill, H. A. S., foreman. Filed October 7th, 1875. D. N. L.; Clerk," is sufficient evidence that the indictment was duly found and returned.

2. **Absence of Prisoner during trial.** The fact that the prosecuting attorney began his closing argument to the jury while the defendant was temporarily absent from the court room, will not warrant the reversal of a judgment of conviction in the absence of evidence that the defendant was prejudiced thereby, or that any substantial portion of the argument was made before his return.

3. **A plea of not guilty** waives the necessity of a formal arraignment.

4. **Evidence of Reputation.** A witness who is well acquainted with a person whose character is in question, and lives in his neighborhood, will be allowed to testify to his general reputation although he may never have heard it discussed or questioned. Frequently the highest evidence which can be offered of character is of this negative kind.

5. **Rejection of such Evidence:** GROUND FOR REVERSAL, WHEN. Where the court rejects the testimony of two witnesses as to character, but afterwards admits the testimony of two others on the *same point,* it is ground for reversal. SHERWOOD, C. J., dissenting on last point.

*Error to Clark Circuit Court.*—Hon. John C. Anderson, Judge.

*Frank Hagerman* and *James Hagerman* for plaintiff in error.

1. The failure of the record to show a presentment of the indictment in open court by the grand jury is a fatal defect. Constitution of Missouri (1865), art. 1, § 24; Wag. Stat., § 21, p. 1084; § 1, p. 1086; *Gardner v. People*, 20 Ill. 433; *Rainey v. People*, 3 Gil. (Ill.) 72; *Brown v. State*, 7 Humph. (Tenn.) 155; *Chappel v. State*, 8 Yerg. (Tenn.) 170; *Hite v. State*, 9 Yerg. 198; *Commonwealth v. Cawood*, 2 Va. cases 527; *Green v. State*, 19 Ark. 178; *Cachute v. State*, 50 Miss. 165; *Laura v. State*, 26 Miss. 176; *Friar v. State*, 3 How. 423; *Goodwyn v. State*, 4 Smed. & Mar. 535; *Jenkins v. State*, 30 Miss. 408; *Pond v. State*, 47 Miss. 39; *State v. Cox*, 6 Iredell, 440; *State v. Glover*, 3 Greene (Iowa) 249; *Adams v. State*, 11 Ind. 304; *Jackson v. State*, 21 Ind. 79; *Hall v. State*, 21 Ind. 268; *Conner v. State*, 18 Ind. 429; 19 Ind. 98; *Springer v. State*, 19 Ind. 180; *The State v. Carson*, 12 Mo. 407; *The State v. Mertens*, 14 Mo. 94; *The State v. Clark*, 18 Mo. 432; *The State v. Freeman*, 21 Mo. 481; *The State v. Burgess*, 24 Mo. 382. 2. The absence of the accused from the court during a portion of the trial must reverse the cause. *The State v. Matthews*, 20 Mo. 55; *The State v. Buckner*, 25 Mo. 168; *The State v. Cross*, 27 Mo. 332; *The State v. Schoenwald*, 31 Mo. 147; *The State v. Braunschweig*, 36 Mo. 397; *The State v. Ott*, 49 Mo. 326; *The State v. Barnes*, 59 Mo. 154; *The State v. Jones*, 61 Mo. 232; *The State v. Barnett*, 63 Mo. 300; *The State v. Cheek* 63 Mo. 364; *The State v. Allen*, 64 Mo. 67; *The State v. Dooly*, 64 Mo. 146; *Meredeth v. People*, 84 Ill. 480; *Maurer v. People*, 43 N. Y. 3; *Brownlee v. Hewitt*, 1 Mo. App. 367. 3. There was no arraignment. The record must show arraignment, as well as plea. *The State v. Matthews*, 20 Mo. 55; *The State v. Saunders*, 53 Mo. 234; *The State v. Mont-*

*gomery*, 63 Mo. 296; 2 Wag. Stat., 1095, §§ 2, 4, 5; 1 Bishop Crim. Proced., (2 Ed.) §§ 728, 733; *State v. Larti-gue*, 6 La. Ann. 404; *State v. Price*, Ib. 691. 4. Upon the question of character the defendant should have been permitted to prove by his neighbors that his moral character or reputation as a peaceable citizen had never been questioned prior to the difficulty.

*J. L. Smith*, Attorney-General, for the State.

1. When the indictment is indorsed properly and comes into the hands of the clerk, the demands of the statute are satisfied. *The State v. Clark*, 18 Mo. 432; *The State v. Couperhaven*, 39 Mo. 430. 2. Greenleaf lays down the rule that " the examination must be confined to his general reputation. * * * The inquiry must be made as to his general reputation where he is best known. It is not enough that the impeaching witness professes merely to state what he has heard, ' others say.' He must be able to state what is generally said of the person, by those among whom he dwells, or with whom he is chiefly conversant, 'for it is this only that constitutes his general reputation or character.' " Greenl. on Ev. § 461; *State v. White*, 35 Mo. 500; *Warlick v. Peterson*, 58 Mo. 408. 3. The section of our statute requiring a defendant to be present in person was enacted in order to give full force and effect to the constitutional provision, " that the accused shall meet the witnesses against him face to face," and to give him an opportunity of polling the jury when they return their verdict. It was never intended that merely because the defendant stepped out of the room, and during his absence the prosecuting attorney made a portion of his argument, he should, after a verdict of guilty, be granted a new trial. *The State v. Brown*, 63 Mo. 439.

SHERWOOD, C. J.—Defendant, indicted for murder in the first degree, was, upon trial had, convicted of manslaughter in the second degree, and comes here alleging

divers errors.   Owing to the conclusion we have reached,
after a careful examination of the record, we have deemed
it unnecessary to give expression to our views in detail re-
specting many of those errors, since in the view a majority
of the court have taken, the cause must be retried, and
since, also, we regard the trial of the defendant as having
been, for the most part, very fairly conducted, and the law,
in the main, correctly administered.   In one particular,
however, to which we will presently advert, my associates
think prejudicial error was committed.

    I.   As to the preliminary objection urged against the
indictment that it only bore the indorsement  " A true bill,
H. A. Stewart, foreman.   Filed October 7th,
1875,  D. N. Lapsley, clerk."   We have this
to say :   That a similar objection was decided adversely
to the objector in *The State v. Pitts*, 58 Mo. 556.   It would
be strange indeed if the indictment should be rendered
invalid by the failure of the clerk to make an entry re-
specting the presentation of the indictment by the grand
jury in open court when the statute, 2 Wag. Stat., sec. 1, p.
1086, expressly forbids the clerk, where a felony is charged,
from making any entry on the minutes or records of the
court in reference to the indictment, unless the defendant
is in custody or on recognizance.   The fact that defendant
was under bail in the same court, charged by indictment
for the same offense, with murder in the second degree,
does not alter or vary the statutory inhibition because the
indictment under which defendant was tried charged Mat-
thew Grate also with the murder, and it does not appear
that he was either on bail or in custody.

    The statute, 2 Wag. Stat., sec. 21, p. 1084, provides
that, " indictments found and presentments made by a grand
jury shall be presented by their foreman, in their presence,
to the court, and shall be there filed and remain as records
of such court."   It is out of the power of the clerk, by
his remissness, to balk the action of the grand jury.   The
indictment became a record of the court when returned by

the grand jury in accordance with the statutory provision above noted. This was so ruled in *The State v. Clarke*, 18 Mo. 432. In that case only the usual indorsement was made on the indictment by the foreman of the grand jury, but it was held that the indictment on its presentation by the grand jury became *ipso facto* a record of the court, and that the court should have ordered the clerk to indorse the time it was filed *nunc pro tunc*. There was no such difficulty to be obviated in the case at bar, because the clerk had indorsed upon the bill that it was "filed," and this, in connection with the indorsement by the foreman, showed that it had been "returned" by the grand jury in open court. *The State v. Clarke, supra.* In *Baker v. Henry*, 63 Mo. 517, in respect to the report of an administratrix, it was remarked: "The mere indorsement by the clerk, on the paper, is not the sole constituent element of filing that paper; for in legal contemplation the presentation and delivery of the paper to the court or officer, is the filing which dates from its receipt by the clerk and lodgment in his office, although the clerk's indorsement is the highest legal evidence of the filing, and that indorsement being merely ministerial, is amendable at common law." In that ruling we followed the authority of *State v. Gowen*, 7 Eng. (Ark.) 62, in regard to an indictment which the clerk had failed to indorse, "filed." We have been thus particular respecting the point under discussion, because that point is brought to our attention again and again, at almost every term of the court. There was no error on this point committed by the court below.

II. Nor do we think the court erred in regard to the matter of the absence of the defendant during a portion of

2. ABSENCE OF PRISONER DURING TRIAL. the argument on the part of the prosecution. The record shows the presence of the defendant throughout the trial and at the rendition of the verdict. Whether it would be permissible to contradict these record recitals by affidavits and show thereby, as was attempted, that defendant was absent for a brief period dur-

ing the conclusion of the argument on behalf of the State, need not be discussed, as it does not appear that defendant's absence was more than momentary, and by defendant's own affidavit it is only shown that the prosecuting attorney "had begun his final argument to the jury" when the defendant returned. In the absence of anything in the affidavits to the contrary, we shall not assume that defendant was prejudiced, or that any substantial portion of the concluding argument was made before defendant's return after recess. He who alleges error must prove it.

III. Although there was no formal arraignment of the defendant, yet the record shows that he pleaded not guilty

3 A PLEA OF NOT GUILTY.

to the indictment, and this answers the objection on that score. *The State v. Braunschweig*, 36 Mo. 377; *The State v. Saunders*, 53 Mo. 234.

IV. We come now to the point which my associates think must accomplish the reversal of the judgment. It

4. EVIDENCE OF REPUTATION.

is this: Testimony as to general moral character and general reputation of defendant as a moral man and peaceable, law-abiding citizen in the neighborhood in which he lived, was excluded, because the witnesses who had known the defendant for years were only able to state, as a reason for answering, that his reputation in those respects was good, that they had never heard it discussed or questioned. While it is true that the usual formula as to such matters is to inquire if the witness knows the general reputation of the person in question, and what that reputation is, 1 Greenl. Ev. 461; yet the hackneyed and stereotyped mode of answering such inquiry need not always be pursued. Frequently the highest evidence which can be offered in this regard is of that negative character which the court below unwarrantably, as we think, excluded. That reputation may with justice well be called good which no slanderer has ever ventured to even so much as question. A blameless life, oftentimes, though not always, gives origin to such a reputation. But when it can be said of a man by those well acquainted

with him, that they never heard his reputation, as to truth and morals, discussed, denied or doubted, it is equivalent to passing upon him the highest encomium. The authorities abundantly establish that the person testifying need not base his means of knowledge on what is "generally said" of the person whose character is in question, but may base his knowledge of the reputation of such person on evidence of the negative nature above noted. *Lemons v. State*, 4 W. Va. 755; *Gandolfo v. State*, 11 Ohio St. 114; C. J. Cockburn, in Rowten's case, L. & C. C. C. vol. 1, 536; Kelley's Crim. Law, § 241.

V.   My individual opinion of the point under discussion is, that although error was committed by the court in excluding the testimony referred to, yet that such error may be said to have been neutralized by the testimony of two witnesses, Hill and Grate, which was received without objection, who both testified to the good character of defendant as being peaceable, &c., and whose means of knowledge rested on precisely the same foundation as that of the two witnesses whose testimony was excluded, namely, that they, though living in defendant's neighborhood, had never heard anything derogatory to his character, or that character talked about. The majority of my associates are, however, of opinion that the error was of such a prejudicial nature as to warrant a new tiral, and so we reverse the judgment and remand the cause, in which reversal all concur except myself.

REVERSED.