THE STATE v. BELL *et al., Appellants.*

1.  **Practice**: INSTRUCTIONS; EVIDENCE.   Under the present system of practice it would be improper to instruct the jury that admissions made by the accused are regarded as the very weakest character of testimony, and should be received with the greatest caution.   It is not for the court to instruct the jury as to the weight or sufficiency of evidence.

2.  **Practice, Criminal**: TEMPORARY ABSENCE OF PRISONER DURING TRIAL.   The fact that one of the defendants in a criminal case was absent from the court room for a few minutes while the prosecuting attorney was making the closing argument for the State, will not vitiate the verdict.

3.  ———: TEMPORARY ABSENCE OF JUROR.   The absence of a juror from the box for a few minutes during a temporary suspension of proceedings in a criminal case, will not vitiate the verdict.

*Appeal from Newton Circuit Court.*   The case was tried before P. H. EDWARDS, ESQ., sitting as Temporary Judge.

AFFIRMED.

*A. J. Harbison* for appellants.

*J. L. Smith,* Attorney-General, for the State.

NAPTON, J.—This was an indictment for burglary and larceny upon which there was a conviction and sentence of the court to five years imprisonment in the peniten-

tiary. The points relied on for a reversal of the judgment are, 1st. That an instruction asked by the counsel for defendants was refused. 2nd. That the record does not show affirmatively that the defendants were present during the entire trial. 3rd. That one of the jurors separated from the others during the trial without leave of the court or the consent of the defendants.

First, The instruction refused was this: " The court instructs the jury that the admissions made by the accused

1. PRACTICE: in-struction; evidence. are regarded in law as the very weakest character of testimony, and should be received by the jury with the greatest caution." In regard to such an instruction Judge Wagner, in *State v. Hundley*, 46 Mo. 421, remarks: " The instruction might find countenance and support where the old system of practice prevails, and where it is permissible for the court to make comments on the evidence and instruct the jury as to its sufficiency and weight. But under our statute the whole rule is changed, and comments by the court are wholly forbidden. (2 Wag. Stat., § 30, p. 1106.) Since the adoption of this clause in the statute the ruling has been uniform, and there is hardly a volume of the reports in which it is not laid down that it is error for a court to instruct a jury upon the weight or sufficiency of evidence." The doctrine is repeated in *State v. Smith*, 53 Mo. 267, in *State v. Breeden*, 58 Mo. 507, and in *State v. Harris*, 59 Mo. 550.

Second. The bill of exceptions states that defendant Bell was absent for a few minutes while the prosecuting attorney was making the closing argument for the State. This was held in the case of the *State v. Grate*, 68 Mo. 26, to be no ground for a reversal of the judgment.

Third. The agreed facts in regard to this point, are, that one of the jurors, Mr. Ragsdale, having, after the evidence had concluded and the argument for defendants closed, and before the State began the closing argument, separated himself from the jury without the knowledge or consent of the court or defendants, for a few minutes, and

just as the prosecuting attorney commenced his final argument, the court discovered the absence of the juror, and the prosecuting attorney did not proceed until the juror returned to the panel;, that said juror went out of the court room by himself. In the case of the *State v. Igo*, 21 Mo. 460, this subject is discussed, and the authorities, both in England and this country, reviewed by Judge Leonard, and the ruling in *Whitney v. State*, 8 Mo. 165, approved; and the case of the *State v. Carlisle*, 57 Mo. 102, takes the broad ground that "the separation of a jury in a criminal case will not vitiate their verdict, unless it further appears that they have been tampered with or have been guilty of some improper conduct." These being the only points suggested, the judgment of the circuit court must be affirmed. The other judges concur.