## THE STATE v. STEPTOE, APPELLANT.

1. **Pleading, Criminal**: INDICTMENT FOR CRIME JOINTLY COMMITTED. Under Sec. 20 p. 1089 Wag. Stat. it is the duty of a grand jury before which two persons are charged with the joint commission of a crime, in preferring a bill to find it against both; but if for insufficiency of the evidence produced against one, they indict the other alone, the omission will not vitiate the indictment, although it appear upon the trial that the crime was in fact committed by both.

2. **Amendment of record on appeal**: PRACTICE IN SUPREME COURT : VERDICT. Annexed to the record in a case was a certificate of the clerk of the trial court, purporting to give the verdict really rendered by the jury, which differed from that set out in the record. This certificate was followed by an agreement of the attorneys of the respective parties, that the record should be considered as amended in conformity therewith. This verdict nowhere appeared in the record; and the agreement did not seem to have been filed as a stipulation, and was not brought to the attention of the trial court on the motion for a new trial. *Held*, that the Supreme Court would treat the verdict set out in the record as the true verdict.

3. **Robbery**: VERDICT. On an indictment for robbery in the first degree, containing but one count, the jury found, by their verdict, that defendant was guilty of robbery, and assessed his punishment at ten years' imprisonment in the penitentiary, and there was judgment accordingly. *Held*, that the verdict was sufficient to support the judgment, although it failed to specify the degree of the crime of which it found defendant guilty.

*Appeal from St. Louis Court of Appeals.*

*P. W. Fauntleroy & James H. Hutchings* for appellant.

1. Sec. 20, p. 1089, Wag. Stat. Vol. 2, is mandatory and not merely directory. The separate indictment then, against the defendant, being thus directly contrary to the plain and imperative provisions of the statute, is clearly invalid and will not support a judgment. And where a judgment is irregularly obtained against the provisions of a statute or the rules of a court, a party is entitled to have it set aside without showing any merits. *Doan v. Holly*, 27 Mo. 257.

2. But even if the statute were only directory, defend-

ant's motion to quash should have been sustained, as the State could then have corrected the error by indicting the parties jointly as the law required. *Lisle v. State*, 6 Mo. 426.

3. The verdict was fatally defective in not specifying of what offence it found the defendant guilty. The object of this requirement is to enable the court to see that the proper punishment is assessed. There could have been a conviction of grand larceny or petit larceny as well as of robbery in the first degree under the indictment. *State v. Jenkins*, 36 Mo. 372; *State v. Davidson*, 38 Mo. 374; *State v. Farrar*, 38 Mo. 457.

*J. L. Smith*, Attorney General, for respondent.

The record shows that the jury returned the following verdict into court: " State of Missouri vs. John Steptoe. We, the jury, find John Steptoe guilty *of robbery*, and assess his punishment at ten years in the state penitentiary." No objection appears to have been made to the verdict in the criminal court, but in the Court of Appeals the appellant insisted that the verdict was invalid. There is only one count in the indictment and that is for robbery in the first degree. It was therefore not necessary to specify in the verdict the degree of the crime of which the defendant was guilty. No degree of offense being found inferior to that charged, a general verdict is sufficient for a conviction upon the indictment so framed. *State v. Shoemaker*, 7 Mo. 177; *State v. Matrassey*, 47 Mo. 295. There is a certificate of the clerk of the criminal court as to the form of a verdict returned, and also a stipulation of counsel that the record might be considered as amended so as to show that such was the case. It does not appear that the stipulation was ever filed, and therefore the record, as to the verdict returned, remains as it appears on page three of the transcript, which states that the jury found the defendant *guilty of robbery*. Admitting, however, that the facts are as stated in the clerk's certificate, the verdict therein contained is

still good, and sufficient to support a verdict. *State v. Matrassey, supra.*

NORTON, J.—Defendant was indicted at a term of the St. Louis criminal court, held in January, 1875, for robbery in the first degree. At the March term of said court he was tried and convicted and his puhisnment assessed at ten years imprisonment in the penitentiary. An appeal was taken to the Court of Appeals of St. Louis, where upon a hearing, the judgment of the criminal court was affirmed, from which defendant has appealed to this court. On the trial of the cause it appeared from the evidence of the prosecuting witness, that the robbery was committed jointly by one Simon Coen and defendant, that each of them was separately indicted, Steptoe, the defendant, being indicted in January, 1875, and Coen the following March. On this state of facts the defendant's counsel filed his motion to quash the indictment on the ground that sec. 20, Wag. Stat. 1089 requires that "when two or more persons are charged with having committed an offense jointly, all concerned shall be included in one indictment."

We think it was intended by this section that when two or more persons are charged before the grand jury with the 1. PLEADING CRIM-INAL: indictment for crime jointly committed. the joint commission of a crime, in preferring a bill they shall find it against all who are charged, and not indict one and let the others go free, so that they will be at liberty to appear and testify in the interest of their confederate. The fact that Coen was not included in the indictment with defendant could certainly work no injury to him, and it is difficult to perceive any reasons why the indictment should be held invalid on that ground. If defendant and Coen had been jointly indicted, he could have been subjected to a separate trial as well under it as under an indictment against him alone. The grand jury preferring the bill may have been satisfied that there was sufficient evidence to justify them in finding a bill against defendant, and may not have been satisfied as to the sufficiency of the evidence against Coen. In such

case they could have done no less than return a true bill against the defendant. We therefore think the motion to quash the indictment was properly overruled.

The only remaining ground of alleged error is that the verdict is not sufficient to support the judgment. The ver-2. AMENDMENT OF dict as entered on the record is as follows:
RECORD ON AP-
PEAL: practice in "We, the jury, find defendant, John Steptoe,
supreme court;
verdict guilty of robbery, and assess his punishment at ten years in the state penitentiary." There is added to the record immediately after the bill of exceptions, the certificate of the clerk of the criminal court, stating that the true verdict rendered by the jury and accepted by the court was as follows: "We, the jury, in the case of The State v. John Steptoe, find the defendant guilty and assess his punishment for ten years penitatory." An agreement follows this certificate that the record is to be considered as amended in conformity with the above certificate, which was signed and acknowledged before the clerk by the attorneys representing the State and defendant. This verdict nowhere appears in the record proper nor in the bill of exceptions, nor does the above agreement appear to have been filed as a stipulation, nor does the record show that it was brought to the attention of the criminal court when the motion for a new trial was heard and determined. On the contrary it does appear that the motion for a new trial was made and overruled on the 24th day of April, 1875, and that defendant was sentenced on the first day of May, 1875. The agreement above referred to that the record should be amended was not acknowledged before the clerk till the third day of November, 1875, so that it could not have been before the court when the motion for new trial was made. We shall therefore consider the statement made in the record proper, as to the verdict, as the correct one.

The indictment is for robbery in the first degree and contains but one count. No degree of offense having been

3. ROBBERY: verdict. found lower than that charged, under the rulings of this court in the case of *State v. Matrassey*, 47 Mo. 295; *State v. Pitts*, 58 Mo. 558; and *State v. Davidson*, 38 Mo. 374, we think the verdict was sufficient to authorize the judgment rendered upon it. Judgment affirmed, in which the other judges concur.

AFFIRMED.