The State v. Elvins.

.101 243
104 570

101 243
107 41

101 243
115 451
54a 227

101 243
121 563
122 599
58a 556

## The State v. Elvins, *Appellant.*

1. **Felonious Shooting**: INDICTMENT. An indictment under Revised Statutes, 1879, section 1262, for shooting at a person with *intent to kill*, examined and approved.

2. ———: PRACTICE: EVIDENCE. On a trial for felonious assault by shooting with intent to kill, what was said and done by the defendant within a few minutes before the shooting is competent in evidence as a part of the *res gestæ*, and as showing the state of feeling between the defendant and the person assaulted.

3. ———: ———: ———. In such case, evidence offered by the defendant that he was a fine shot is irrelevant and incompetent.

4. **Practice, Criminal**: EXCEPTIONS: INSTRUCTIONS. Exceptions to the action of the trial court stand upon the same footing in criminal as in civil cases, and, where no exceptions are saved to the giving of instructions in a criminal case, they will not be reviewed in the appellate court.

5. ———: REMARKS OF COUNSEL. The remarks of the prosecuting attorney, in his closing argument on the trial of a charge of assault with intent to kill, that " these assaults with intent to kill are becoming too common in this country and in Southeast Missouri," are within the line of legitimate argument, and do not constitute error.

6. ———: VERDICT. A verdict of guilty as charged in the indictment, and assessment of punishment at imprisonment in the penitentiary for the term of three years is sufficient upon a trial for felonious assault. Revised Statutes, 1879, section 1927, only requires that the verdict specify the degree of the offense where it is *inferior to* that charged in the indictment.

*Appeal from St. Francois Circuit Court.*—HON. J. D. Fox, Judge.

AFFIRMED.

No brief for appellant.

*John M. Wood*, Attorney General, for the State.

(1) The previous conduct of defendant in the saloon, and what was said and done by him and the prosecutor during this altercation, and defendant's declaration, upon being put out of the saloon, that he

would go down home and get his Winchester, were admissible in evidence. The altercation was "the beginning, and, therefore, a part, of the controversy which led to, and resulted in, the shooting." Besides, it was admissible for the purpose of showing malice and the state of feeling existing between the parties. *State v. Forsythe*, 89 Mo. 667; *State v. Nugent*, 71 Mo. 136; *State v. Testerman*, 68 Mo. 408; *State v. Hoffman*, 78 Mo. 256; *State v. Dickson*, 78 Mo. 438; *State v. Greenwade*, 72 Mo. 298; *State v. Mahly*, 68 Mo. 315. This statement made by defendant, that he would go down home and get his Winchester, which was communicated to Flynn, the prosecutor, was admissible. *State v. Adams*, 76 Mo. 355; *State v. Elkins*, 63 Mo. 159; *State v. McNally*, 87 Mo. 644. (2) Proof offered to be produced by defendant that he was a first-class shot was clearly irrelevant, and properly excluded. (3) The indictment is drawn under section 1262, Revised Statutes, 1889, and is sufficient. *State v. Burk*, 89 Mo. 635; *State v. Jones*, 86 Mo. 623.

SHERWOOD, J.—Indictment under section 1262, Revised Statutes, 1879, omitting formal parts, as follows:

"That Ralph Elvins on the —— day of March, 1886, at and in the county of St. Francois and state of Missouri, in and upon one Barney Flynn, feloniously, on purpose and of his malice aforethought, did make an assault, and did then and there, on purpose and of his malice aforethought, feloniously shoot at him, the said Barney Flynn, with a certain Winchester rifle, loaded with powder and leaden balls which he, the said Ralph Elvins, then and there held in both his hands, with intent then and there the said Barney Flynn, on purpose and of his malice aforethought, feloniously to kill and murder; against the peace and dignity of the state.

"MERRILL PIPKIN,
"Prosecuting Attorney."

The testimony shows that about eleven o'clock on the night of the thirteenth of March, 1886, defendant became engaged in a difficulty in Barney Flynn's saloon, in St. Francois county, Missouri, with a man by the name of Edwards; and also attempted to raise a disturbance with some other parties who were in the saloon playing cards at the time. Flynn, the saloon keeper, in trying to keep him quiet, became engaged in an altercation with him, and finally put him out of the saloon and closed the door. After he was put outside, Seward Burke, one of the witnesses, tried to get him to go home, but he insisted on going up town. In speaking to him about the trouble he had had, Burke said to him, "he might have killed you and you might have killed him;" and then defendant said : "If that is the case I will go down home and get my Winchester." He then went home, got his Winchester rifle, came back to the saloon, pushed open the door, and, putting his gun in at the opening, shot at Barney Flynn once or twice. Flynn had been told by Burke that defendant had gone to get his Winchester, and when he returned he had his gun ready to defend himself, and both shot at about the same time. The trial resulted in the defendant being found guilty and his punishment assessed at three years' imprisonment in the penitentiary. Being sentenced accordingly, he appeals to this court.

There was no appearance of counsel for defendant in this court, either by brief or otherwise ; but complying with our statutory duty we have carefully read the record to see if reversible error occurred during the trial of the cause, or in proceedings subsequent thereto, with the following results :

I.   The indictment, to which objection was taken by motion in arrest, is in all respects sufficient and in accordance with approved precedents.

II.   The testimony fully sustains the verdict. And testimony was perfectly competent to show how the

quarrel began, and all that was said and done about it by defendant up to the time when a few minutes thereafter he fired the shot which caused the present accusation. Such testimony was part of the *res gestae*, and besides it went to show the state of feeling defendant had towards Flynn. *State v. Forsythe*, 89 Mo. 667; *State v. Emery*, 76 Mo. 348; *State v. McNally*, 87 Mo. 644, and cases cited. But testimony offered on behalf of the defendant that he was a fine shot had no bearing or relevancy whatever.

III. There were no exceptions saved to the giving of any instructions, and they need not be considered for that reason, as exceptions to the action of a trial court stand upon the same plane in criminal cases as in civil, as the statute provides and this court has oftentimes decided. But, nevertheless, we have read them and find them, speaking in a general way, to lay down the law in a manner frequently approved by this court in this class of cases, and the instruction in relation to self-defense was in accordance with the rulings of this court in a number of instances. *State v. Gilmore*, 95 Mo. 554; *State v. Partlow*, 90 Mo. 608; *State v. Berkley*, 92 Mo. 41; *State v. Parker*, 96 Mo. 382; *State v. Herrell*, 97 Mo. 105. There is no ground of complaint, therefore, on this score.

IV. The language of the prosecuting attorney in the closing argument, to which objection was made, was this: "Gentlemen: You know that these assaults with intent to kill are becoming too common in this country and in Southeast Missouri." There was nothing in this language meriting any rebuke whatever; it was strictly within the line of legitimate argument.

V. Lastly, the verdict of the jury was:

"We the jury find the defendant, Ralph Elvins, guilty as he stand charged in the indictment and assess his punishment at imprisonment in the penitentiary for the term of three years.

"GEO. L. COOLEY, Foreman."

This verdict was proper in form under the provisions of section 1927, Revised Statutes, 1879, which only requires that the verdict should specify the degree of the offense, where it is inferior to that charged in the indictment. *State v. Matrassey*, 47 Mo. 295; *State v. Steptoe*, 65 Mo. 640.

Therefore, judgment affirmed. All concur, but BARCLAY, J., absent.