THE STATE v. MANICKE, *Appellant.*

Division Two, June 8, 1897.

1. **Former Imprisonment**: INDICTMENT: EVIDENCE.  If defendant has served a term in the penitentiary it is necessary to allege such fact in the indictment if proof thereof is desired; and such allegation and proof are permissible under section 3959, Revised Statutes 1889.

2. **Practice**: ERRONEOUS INSTRUCTION ASKED BY DEFENDANT.  Defendant can not complain of an erroneous instruction given at his request, even though such instruction is a literal copy of one for the State formerly condemned by this court.

*Appeal from Maries Circuit Court.*—HON. C. D. CORUM, Special Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Indeed, the statute of limitations can in nowise be made to apply unless it be first held that defendant was being tried for the commission of the first offense as well as the second.  It is well settled by a long line of authorities that upon a trial such as this "punishment is for the last offense committed and is rendered more severe in consequence of the situation into which the defendant has brought himself."  "The defendant is not again punished for the first offense, but the punishment for the second is increased because

of his persistence in the perpetration of crime." *People v. Stanley*, 47 Cal. 116; *State v. Engalls*, 48 Wis. 647; *State v. Moore*, 121 Mo. 519. (2) The record fails to present a single instance where defendant was permitted to be cross-examined of and concerning matters upon which he was not questioned in chief, and to which objections were made and at the time saved by defendant. (3) Defendant alleges that the trial court committed reversible error in giving instruction 4, defining the credence to be given defendant's testimony as a witness, for the reason that it is in conflict with the doctrine laid down in *State v. Austin*, 113 Mo. 543. The record shows this instruction to have been asked for by the defendant. Error committed at the instance of the party alleging the error can not be taken advantage of by him. *State v. Jackson*, 99 Mo. 63; *Alexander v. Clark*, 83 Mo. 482; *Schmitz v. Railroad*, 119 Mo. 256; *Francis v. Railroad*, 127 Mo. 658; *Smith v. St. Joe*, 122 Mo. 643.

BURGESS. J.—On the eleventh day of November, 1896, the defendant was convicted in the circuit court of Maries county of malicious assault upon one John G. Slate, and his punishment fixed at ten years' imprisonment in the penitentiary, under an indictment theretofore found by the grand jury of said county. From the judgment and sentence he appealed.

The indictment charges, and the evidence showed, that on the seventeenth day of October, 1889, the defendant was sentenced to the penitentiary by the circuit court of said county for defiling his ward, a stepdaughter under the age of eighteen years; and that after complying with his sentence he was discharged from the penitentiary, on August 1, 1893.

It appears that for some time before the assault by defendant upon Slate there had been ill feeling

between them and that on that day, to wit, September 6, 1896, about sundown, Slate was sitting upon a box at the corner of a building in Vienna engaged in a conversation with a man by the name of Jones, when defendant approached him from the northwest having at the time his hands in his pockets, and when within sixteen to eighteen feet of where Slate and Jones were he took his pistol from his pocket, and snapped it twice at Slate, who at that time jumped behind the building. Slate at once reappeared, when defendant again snapped his pistol twice at him, but it failed to fire as in the first instance. The defense interposed was that of self-defense.

The defendant is not represented in this court, but in the court below he was represented by counsel who filed in his behalf a motion for a new trial, assigning as grounds therefor the following: "*First*, because the court erred in admitting the record of former conviction as evidence in this cause; *second*, because the court erred in allowing the defendant to be cross-examined as to matters not testified to on his direct examination; *third*, because the court erred in giving instruction number 4 defining the credence to be given to defendant's testimony as a witness, said instruction being in direct conflict with the doctrine laid down in the case of the *State v. Austin*, in 113 Mo. 538."

We are unable to appreciate the force of the first assignment of error. It is expressly provided by section 3959, Revised Statutes 1889: "If any person convicted of any offense punishable by imprisonment in the penitentiary . . . . . . . shall be discharged either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished . . . . . . if such subsequent offense be such that upon the first conviction, the offender would be

punishable by imprisonment for a limited term of years, then such person shall be punished by imprisonment in the penitentiary for the longest term prescribed upon a conviction for such first offense.'' The indictment was drawn under this section, and its averments are in accordance therewith. It alleges the former conviction of defendant, his compliance therewith and his discharge from prison. These were necessary allegations, and without proof of them no conviction could have been had under that section. It was just as necessary to sustain them by proof as to allege them, in the absence of which the judgment of conviction could not be permitted to stand. *State v.`Austin*, 113 Mo. 538; *State v. Moore*, 121 Mo. 514.

Nor have we been able to discover after a careful examination of the record, wherein the defendant was cross-examined by the State with respect to matters not testified to by him in his direct examination.

The instruction complained of in the third and last assignment of error, is a literal copy' of an instruction which was condemned by this court in *The State v. Austin*, 113 Mo. 538, but the instruction in that case was given at, the instance of the State, while in the case in hand the instruction was given at the request of the defendant. The defendant in such circumstances is in no condition to complain. Section 4115, Revised Statutes 1889, provides that ''no trial, judgment or other proceedings, shall be stayed, arrested, or in any manner affected for any error committed at the instance or in favor of defendant.'' In *The State v. Jackson*, 99 Mo. 60, it was held that error committed in giving an erroneous instruction at the instance of defendant was cured by section 4115, Revised Statutes, *supra*.

Finding no error in the record the judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.