The State v. Arthur Jones, *alias* Will Jackson, *alias* Johnny Starks, Appellant.—98 S. W. (2d) 586.

Division Two, November 17, 1936.

*Emanuel Williams* for appellant.

*Roy McKittrick*, Attorney General, and *Russell C. Stone*, Assistant Attorney General, for respondent.

LEEDY, J.—This is an appeal from a judgment of the Circuit Court of the City of St. Louis sentencing appellant to a term of fifteen years in the penitentiary on his conviction, under the Habitual Criminal Statute, for attempted robbery in the first degree by means of a dangerous and deadly weapon. Appellant not having favored us with a brief, we look to the motion for a new trial for his assignments

of error, of which there are three. They relate to (1) the manner in which defendant was charged; (2) the propriety of receiving evidence of his prior conviction before appellant took the stand; and (3) an alleged erroneous instruction as to the matter of punishment.

Inasmuch as the sufficiency of the evidence is not challenged, a brief outline of the facts will suffice. The evidence on the part of the State was to the effect that at about eleven-thirty P. M., on August 29, 1932, one James C. Foster, a watchman, was walking south on the west side of Theresa Street in the city of St. Louis. As he proceeded to cross the intersection of that street and Market Street, he observed two colored men near the southwest corner of the intersection. They were standing near, or leaning against a building on that corner, and on the Theresa Street side. There was a street light on the corner. As Foster reached the point where the first colored man was, the second one stepped up, and, as he described it, "throwed a gun in my stomach and told me to stick them up." Whereupon Foster reached for his gun, and "he throwed a gun in my face, and shot me, and I fell." He was shot on the right side of the face. Both colored men then left the scene. An ambulance was called, and Foster was removed to a hospital. Appellant was not apprehended on this charge for nearly two years. When arrested he made a written confession in which he admitted being present at the time and place of the shooting, but attributed the attempted robbery and shooting to his companion, Milburn. Foster's identification of appellant as his assailant was unequivocal. Appellant did not take the stand in his own behalf. Other pertinent facts will be stated in the course of the opinion in connection with the point or points to which they relate.

I. The first proposition mentioned above is covered by the following recitals of the motion for a new trial: "That the court erred in overruling the motion on part of defendant for the consolidation of causes for the purpose of permitting this defendant to defend himself as a co-conspirator, rather than to have been placed before the jury as one who had committed the crime alone. That the evidence tended to show that there were two or more persons present, acting in concert with each other; that if any crime was committed at all, it was committed by two or three persons, acting in conspiracy with each other. That to place this defendant on trial, as the sole perpetrator of the crime, was a fatal error, and prevented this defendant from having a fair and impartial trial."

At the close of the opening statement on the part of the State, in which reference was made to the participation of another in the alleged offense, appellant asked that the jury be discharged, and a mistrial declared, on the asserted ground that appellant had a right to be charged with his codefendant. The statute (Sec. 3553, R. S. 1929,

Sec. 3553, Mo. Stat. Ann., p. 3152) does provide that all concerned in an offense jointly committed shall be included in one indictment or information, but by the same section it is expressly provided that "the failure to so join them shall not invalidate the pleadings." In State v. Steptoe, 65 Mo. 640, which was decided before the proviso just mentioned was added to the section, the court, in reviewing the ruling on a motion to quash for failure to comply with said section, said, "We think it was intended by this section that when two or more persons are charged before the grand jury with the joint commission of a crime, in preferring a bill they shall find it against all who are charged, and not indict one and let the others go free, so that they will be at liberty to appear and testify in the interest of their confederate. The fact that Coen was not included in the indictment with defendant could certainly work no injury to him, and it is difficult to perceive any reasons why the indictment should be held invalid on that ground. If defendant and Coen had been jointly indicted, he could have been subjected to a separate trial as well under it as under an indictment against him alone." We are unable to appreciate the force of appellant's contention in view of the statute, supra, and the well-settled doctrine that all who are present at the place of a crime, and are either aiding, abetting, assisting or advising its commission are liable as principals. Furthermore, Theodore Milburn was called as a witness in appellant's behalf. He admitted having entered a plea of guilty and served a sentence for his participation in the alleged offense. He attributed the shooting to one Johnson, and testified that appellant was not present. However, he admitted having made contradictory statements in which he involved appellant, and identified him as the holdup man, and the one who did the shooting.

II. The next point raised is that it was improper and prejudicial for the court to permit the State to show "the prior conviction of the defendant before the defendant had taken the stand." The difficulty with this position is that it overlooks the fact that appellant was charged under the Habitual Criminal Statute, under which it was necessary not only to aver in the information his former conviction and discharge from the penitentiary, either by pardon or on compliance with the sentence, but to make proof thereof. [State v. Manicke, 139 Mo. 545, 41 S. W. 223; State v. Austin, 113 Mo. 538, 21 S. W. 31; State v. Sumpter, 335 Mo. 620, 73 S. W. (2d) 760; State v. Christup, 337 Mo. 776, 85 S. W. (2d) 1024.] We will not pursue the matter further than to say that if the proof were required to be postponed until the defendant took the stand, as appellant contends, a conviction under this statute would, in every case, be contingent, in the first instance, upon whether the defendant elected to testify.

In the case at bar he did not testify. The operation of the statute cannot be suspended by any such device.

III. Finally it is urged that the court erred in instructing the jury as to the extent of the punishment to be imposed in the event of a finding of appellant's alleged former conviction and discharge from the penitentiary, and his subsequent commission of the offense for which he was on trial. The punishment directed by the instruction submitting the hypothesis of such former conviction was fifteen years in the penitentiary. In so instructing the jury, the court committed no error, as will appear from an examination of the applicable statutes. By Section 4061, Revised Statutes 1929 (Sec. 4061, Mo. Stat. Ann., p. 2863), the punishment for robbery in the first degree by means of a dangerous and deadly weapon is fixed at "death, or . . . by imprisonment in the penitentiary for not less than ten years." The punishment for an attempt to commit that offense is prescribed by the first subdivision of Section 4442, Revised Statutes 1929 (Sec. 4442, Mo. Stat. Ann., p. 3048), as follows: "First, if the offense attempted to be committed be such as is punishable by the death of the offender, the person convicted of such attempt shall be punished by imprisonment in the penitentiary for a term of not less than two nor exceeding fifteen years." The Habitual Criminal Statute (Sec. 4461, R. S. 1929, subdivision 2, Sec. 4461, Mo. Stat. Ann., p. 3063), provides: "If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be discharged, either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished as follows: . . . Second, if such subsequent offense be such that, upon a first conviction, the offender would be punished by imprisonment for a limited term of years, then such person shall be punished by imprisonment in the penitentiary for the longest term prescribed upon a conviction for such first offense." Under the latter section, if the jury adopted the hypothesis of former conviction, the punishment was properly declared to be the maximum fixed by Section 4442, supra, namely, fifteen years. It may be said that the court, by another instruction, which excluded the hypothesis just mentioned, authorized the jury to assess the punishment between two and fifteen years. Having found his former conviction, as appears by the verdict, it became incumbent upon the jury to assess the term it did assess, and there was no error in so directing the jury.

The record proper has been examined, and found to be without reversible error. The judgment is affirmed. All concur.