The State v. James Murphy, Appellant.—133 S. W. (2d) 398.

Division Two, November 22, 1939.

*Roy McKittrick,* Attorney General, and *W. J. Burke,* Assistant Attorney General, for respondent.

TIPTON, J.—In the Circuit Court of the City of St. Louis the appellant was convicted of robbery in the first degree with a dangerous and deadly weapon, and his punishment was assessed at ten years in the State penitentiary. From this sentence, he has duly appealed.

The appellant has not favored us with a brief; therefore, we will look to his motion for a new trial for his assignments of error. As he has made many assignments of error, we will group them under general heads so that this opinion will not be unduly lengthy.

He assigns as error the fact that there was not substantial evidence to support the verdict and asserts that his demurrers to the evidence should have been sustained.

The evidence in this case tends to show that Sol Margolin worked for his father who operated a tavern at Chaney and Pine Streets in the City of St. Louis. On June 17, 1938, Sol Margolin had taken a number of pay checks which had been cashed for the drivers of the Yellow Cab Company to a wholesale cigar store to obtain the

money on them. These checks amounted to two hundred and seventy-four dollars. After obtaining the cash, Margolin returned to his car which was parked in front of the cigar store. Before he could drive away, a man wearing sunglasses got into the seat beside him, pointed a gun at him, and told him to "drive on." When he attempted to move his car, he found it impossible to get into the street immediately on account of a truck which was parked close to the rear of his car. The prosecuting witness attempted to unpark the car by backing and going forward, and each time that he went in reverse he looked at the bandit. Finally, the bandit, after placing a handkerchief over the lower part of his face, got the money from the prosecuting witness and left the car. Shortly thereafter, the prosecuting witness saw a car being driven away in the same direction the bandit was going when he left the car occupied by Margolin. While he did not recognize the occupant of the car, he did recognize the car as belonging to one of the drivers of the Yellow Cab Company by the name of Costello. Costello was a witness for the State and reluctantly testified that the appellant admitted the robbery and finally gave him approximately one hundred dollars to "keep his mouth shut." Shortly after the robbery, Costello and the appellant parked Costello's car in a parking station and went shopping in a Yellow Taxi Cab. Costello testified that the appellant changed clothes at a store known as the Good Luck Store. The defense was an alibi.

Margolin identified the appellant as the man who robbed him. It is true that he testified that each time he looked at appellant's face he had on either sunglasses or a handkerchief, yet we think it is substantial evidence in identifying the man who robbed him. Moreover, Costello testified that appellant admitted he robbed Margolin.

Margolin testified that he handed the money over to the bandit because he "feared the gun," and that he was afraid that "if I wouldn't give him the money he might do something." We think the evidence is substantial that the appellant was the man who took the money, and that the demurrer to the evidence was properly overruled. [State v. Caviness, 326 Mo. 992, 33 S. W. (2d) 940.]

The appellant was charged under the Habitual Criminal Act. The point is made that he was on parole and that his prior conviction could not be referred to or shown until he took the stand. In other words, Section 4461, Revised Statutes 1929, could not apply because he was not discharged from the penitentiary "either upon pardon or upon compliance with the sentence," as provided by that section. The question that at once presents itself is: Does a parole come within the meaning of the word "pardon" as used in that section? We have ruled on this point in the case of State v. Asher, 246 S. W. 911, 1. c. 913, wherein we said:

"It must follow from the foregoing that a parole is a conditional pardon, and that a 'parole' given by the Governor is but an

exercise of the power vested in him by the Constitution and statute with respect to the issuance of conditional pardons. Moreover, it must be understood that Section 3702, supra, does not within itself provide for the conviction of a defendant,.but simply provides severer punishment for the crime charged if convicted. [State v. Collins, 266 Mo. 93, 180 S. W. 866; State v. Levy, 262 Mo. 181, 170 S. W. 1114.]''

The Habitual Criminal Statutes themselves do not create a separate offense, but merely subject second offenders to heavier punishment for crimes they commit. [State v. Hefflin, 338 Mo. 236, 89 S. W. (2d) 938, 103 A. L. R. 1301.] It is not only necessary to aver in the information a defendant's former conviction and discharge from the penitentiary either by pardon or by compliance with the sentence, but proof must also be made thereof. [State v. Jones, 339 Mo. 893, 98 S. W. (2d) 586.] It therefore follows that the trial court did not err in permitting the State to make reference to appellant's prior conviction in the examination of the jurors (State v. Mosier, 102 S. W. (2d) 620), and in the opening statement and the closing argument.

The State proved by certified copies of the record the prior conviction and discharge of the appellant. The fact that the jury did not assess punishment at life imprisonment, however, is not error. ''It is well established that though the jury disbelieve the evidence offered to show a prior conviction, they can still convict the defendant of the crime charged in the information and assess his punishment in accordance with the statute applicable thereto in the first instance.'' [State v. Hefflin, supra, 338 Mo. 236, 89 S. W. (2d) 938, l. c. 941.]

The information was amended by interlineation of the words, ''by conditional commutation issued and granted by Lieutenant Governor Harris, September 17, 1937.'' The appellant was not surprised because the original information set out the date of conviction and service of the sentence, the only difference between the original information and the amended information being that the interlineation detailed the method of discharge from the penitentiary. The appellant was not surprised by this amendment for when the jury was being examined he made the objection that he did not come within the terms of the Habitual Criminal Act as he was out on parole issued by Lieutenant Governor Harris.

It is charged as error in the motion for a new trial that the court permitted the circuit attorney to exhibit to Costello, a State's witness, copy of a statement to refresh his memory. We have ruled that this is not error. [State v. Riles, 274 Mo. 618, 204 S. W. 1; State v. Patton, 255 Mo. 245, 164 S. W. 223.] This is within the discretion of the trial judge but it cannot be read to the jury to impeach the witness. [State v. Gregory, 339 Mo. 133, 96 S. W. (2d) 47.]

Nor did the court err in permitting the following question

to be propounded to the witness Bower, "Did the defendant state where he was on the day of the robbery?" Answer, "No." His constitutional rights were not prejudiced by this question because the entire conversation at the time he was arrested was admissible. [State v. Hardin, 324 Mo. 28, 21 S. W. (2d) 758.]

The other assignments of error in the motion for a new trial are without merit as either the record does not sustain such assignments or the points are not raised with detail and particularity and, therefore, are not before us for review. We have also examined appellant's objections to the closing argument of the circuit attorney and we find nothing in there that would warrant a reversal of this judgment.

It follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.