STATE of Missouri, Respondent,

v.

Richard Frank LINDNER, Appellant.

No. 44397.

Supreme Court of Missouri.

Division No. 1.

Oct. 10, 1955.

John J. Kelly, Jr., St. Louis, for appellant.

John M. Dalton, Atty. Gen., Winston Cook, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Appellant, herein called defendant, was convicted of burglary in the second degree

and the jury, having found further that he had been discharged upon compliance with a sentence imposed upon a conviction of a prior felony, fixed his punishment at 10 years in the penitentiary. He has appealed from the judgment entered upon that verdict.

Defendant has not filed a brief. We, therefore, examine the assignments of error contained in his motion for new trial.

■ Defendant's contention by new trial assignments 5 and 6 that the trial court erred in overruling his motions for judgments of acquittal is without merit. This, because the state's evidence was substantial and sufficient to support a conviction of burglary in the second degree and a finding of a prior felony conviction under the Habitual Criminal Act. That evidence showed that in the early morning of August 2, 1953, police officers, who had been summoned to a grocery store at 3333 Clara Avenue in St. Louis, found defendant and another inside that store which contained goods, wares, and merchandise; that a front door had been forced open by means of "jimmying" the lock thereon; that upon being so ordered defendant came from the interior of the store and stated that his name was Frank Jesse Blank and that he had not been in the store but only passing by; that the proprietors of the store had locked all openings, including the door forced open, before their departure on the prior evening; and that police officers found in the store two guns and two crowbars which were not the property of the store owners and which had not been there when the store was priorly locked by the proprietors. The foregoing evidence was sufficient to sustain a conviction of burglary in the second degree. State v. Grant, Mo., 275 S.W.2d 332, 333, 334 [4]; State v. Miller, Mo., 202 S.W.2d 887, 889 [1, 2].

The state's evidence further showed, and the jury found, that defendant had theretofore been convicted of, or had entered guilty pleas to charges of prior felonies, had been sentenced therefor, and discharged upon compliance with such sen-

tences. Thus the punishment assessed was that prescribed by Sections 556.280 and 560.095 RSMo 1949, V.A.M.S.

▇▇ . Defendant's new trial assignment 28 charges that the trial court erred in overruling defendant's motion for a mistrial made during defendant's attorney's jury argument, for the assigned reason that the state's attorney's objection to the argument constituted a comment on the failure of defendant to testify in the case. This contention must be sustained.

During defendant's attorney's argument the following occurred: "Mr. Kelly [Defendant's counsel]: And furthermore the witnesses that were produced by the State testified that this boy says he was only, or I believe he said he was just walking along there. Mr. Shaw [Assistant Circuit Attorney]: I'm going to object to that remark and ask that counsel be reprimanded. *I don't know what this boy says. There is no evidence of any type by him in this case* and I ask that the jury be instructed to disregard this remark. Mr. Kelly: I object to the last statement made by Mr. Shaw as being a direct attack on the defendant's failure to take the stand and further because evidence is in the case as to what was said, by the defendant, to the police officers. The Court: What is your request? Mr. Kelly: That a mistrial be declared. The Court: The objection will be overruled, because, as I recall counsel for the defendant stated 'This boy says he was walking along there,' and I think by that statement you invited the objection and for that reason I am going to overrule the objection and further will overrule the request for a mistrial." (Bracketed insertions and italics ours.)

Supreme Court Rule 26.08, 42 V.A.M.S., which is a verbatim copy of Section 546.270 RSMo 1949, V.A.M.S., provides in pertinent part that: "If the accused shall not avail himself * * * of his * * * right to testify * * * it shall not * * * be referred to by any attorney in the case * * *." As was well said in State v. Hayzlett, Mo., 265 S.W.2d 321, 323 [3, 4]: "If the prosecuting attorney in fact, either

directly or indirectly, referred to the appellant's failure to testify he is entitled to a new trial. State v. Shuls, 329 Mo. 245, 44 S.W.2d 94; annotation 68 A.L.R. 1108. On the other hand, the statute is limited to its express terms and if the argument did not in point of fact refer to his failure to testify the statutory prohibition has not been violated, or the appellant's rights infringed within the meaning of the statute. State v. McKeever, 339 Mo. 1066, 101 S.W. 2d 22; State v. Conway, 348 Mo. 580, 154 S.W.2d 128. * * * The key words of the statute, as the state points out, are 'accused' and 'testify,' and the ultimate test of whether the prohibition has been violated is whether the jury's attention was called to the fact that the accused did not testify. Annotation 68 A.L.R., loc. cit. 1108, 1121."

If, in the instant case, the assistant circuit attorney did in fact refer to defendant's failure to testify, defendant is entitled to a new trial, unless there was a waiver by defendant of the protection of the statute and rule.

We think it is clear from the above-quoted portion of the record that the state's attorney did in fact refer to the defendant's failure to testify. We reasonably can give no other construction to his statement that: "I don't know what this boy says. There is no evidence of any type by him in this case * * *." "This boy" admittedly referred to defendant. The two phrases construed together were tantamount in meaning to a statement that "this boy hasn't said anything in this case." Except for a direct statement that "defendant has not testified", we can conceive of no clearer way to express that idea than by the phraseology used in the instant case.

The language is not subject to the construction that the statement referred to the failure of the defense as a whole to combat the facts adduced by the state tending to prove defendant's guilt, as was the situation in State v. Johnson, 362 Mo. 833, 839, 245 S.W.2d 43, 46 [5], and in State v. Hayzlett, supra, 265 S.W.2d

323 [2], and other cases reviewed therein at page 324.

■ Did defendant waive the protection of the statute and the Supreme Court Rule by inviting the state's attorney's statement? We think not. It is apparent from the above-quoted portion of the record that both the assistant circuit attorney and the trial judge either misunderstood the defendant's attorney or misconstrued what he had clearly and unambiguously stated. Defendant's attorney said, "And furthermore *the witnesses that were produced by the State testified* that this boy says he was only, or I believe he said he was just walking along there." (Italics ours.) Now that statement was a substantially accurate restatement of the testimony of some of the state's witnesses. Police officers had testified that defendant told them that he was not in the building— "he said he was passing by there"—"he stated * * * 'I wasn't in the building, just passing by' "—"He said he was just walking by there." We think defendant's counsel's statement was not subject to the construction that counsel said, or intended by his statement, that defendant had testified that he was walking along there. The answer to any such contention is the plain fact that the record shows that counsel said state's witnesses had testified that the defendant had said he was just walking along there. And, of course, both the assistant circuit attorney and the trial judge knew that defendant had not testified. Consequently, we cannot believe that both misinterpreted or misconstrued the clear and unambiguous statement. We think the reasonable conclusion is that they misunderstood the actual words used by defendant's counsel. Unfortunate as this may be, it cannot militate against defendant's right to a new trial, and this irrespective of how clear and cogent the evidence of defendant's guilt may seem to be.

There are some other assignments of error we should determine because of the likelihood of the recurrence of the situations out of which they arose.

Defendant's new trial assignments 8 to 13, inclusive, and 16 to 18, inclusive, allege error in the admission of state's exhibits 1 and 2 (revolvers), 3 (two pinch bars), 4 (six .38-caliber bullets), and 5 (one .38-caliber bullet). It is contended that all the exhibits were inadmissible because they were not shown to have been the property of, or to have been in the possession of, defendant or of the person alleged to have jointly committed the burglary with him, and because they were not shown to have been used in the commission of the burglary; and that the revolvers and bullets were inadmissible for the further reasons that they did not tend to prove the crime of burglary but, on the contrary, tended to prove defendant guilty of a crime not charged; and that the exhibition of the revolvers and bullets to the jury was inflammatory and resulted in unfair prejudice. Assignment 19 alleges error in permitting witnesses to testify concerning the five exhibits, and assignment 29 alleges error in permitting the exhibits to be passed to the jury, for the same reasons assigned as to the admissibility of the exhibits.

The state's evidence was that a police officer looked through the glass portion of a side door and saw defendant and another, in crouched positions, crawling along behind a refrigerated meat box; that after defendant and his companion had come from the store, police officers examined the interior and found two crowbars (ex. 3) on the floor near the meat counter and two .38-caliber revolvers (exs. 1 and 2) inside the meat counter, the door of which was ajar; that the revolvers and crowbars were not the property of the store proprietors and were not in the store when it was locked on the preceding evening; that an examination of the opened front store door showed gouge marks in the area of the door lock; that six .38-caliber bullets (ex. 4) were removed from one of the revolvers and a .38-caliber bullet (ex. 5) was found in defendant's pocket.

■ It is clear that, under the circumstances, the crowbars were properly

admitted in evidence. This, because a reasonable inference that they had been used in the commission of the offense charged was justified. State v. Smith, 357 Mo. 467, 472, 209 S.W.2d 138, 141 [4–6]. And, although there was no direct evidence connecting defendant or his companion with the ownership or possession of the revolvers and no reasonable inference was justified that the revolvers had been used in the performance of the physical acts involved in the commission of burglary in the second degree, it would appear, under the stated facts, that the jury reasonably could infer that the revolvers had been in the possession of defendant and his companion when they entered the store. And the bullets taken from one of the revolvers were admissible to demonstrate that their caliber was the same as the likewise admissible bullet found in defendant's pocket, because such was some evidence which, together with the other evidence, furnished a basis for a reasonable finding by the jury that the revolvers were in the possession of defendant and his companion when they entered the store. State v. Pease, Mo., 133 S.W.2d 409, 413 [4].

The charge of second degree burglary involves a breaking and entering "with the intent to steal or commit any crime therein". Section 560.070 RSMo 1949, V.A.M.S. The fact that defendant and his companion had revolvers in their possession when they broke and entered the building was some evidence that defendant had the intent, to steal or to commit some other crime while there. We are of the opinion that the testimony that the revolvers were found was relevant, under the particular facts of this case, on the question of intent, and that the weapons were sufficiently connected with the defendant and the crime charged to themselves become relevant and to possess some slight probative value as evidence. State v. Wynne, 353 Mo. 276, 287, 182 S.W.2d 294, 299 [6] [7]; State v. Miller, Mo., 261 S.W.2d 103, 106 [4]; Cf. State v. Smith, supra, 209 S.W.2d 141 [7]. We may observe, however, that the prejudice natur-

ally resulting from a display of firearms may often outweigh any relevant value as evidence the weapons themselves might have. The real relevant and material facts relating to the revolvers were that the revolvers were found and where and when they were found. It is difficult to see how an examination of those weapons by the jury would materially assist the jurors in determining any issue in the case. State v. Wynne, supra, 182 S.W.2d 299 [6].

Defendant's assignments 14 and 15 charge error in permitting police officers to testify that at the time of defendant's arrest he gave the name of Frank Jesse Blank. Defendant said in his motion that such testimony was wholly irrelevant and immaterial to any issue and was offered for the sole purpose of prejudicing the jury against defendant. Defendant's true name was shown to be Richard Frank Lindner. Immediately upon emerging from the store with his hands up, defendant said he had not been in the store and falsely stated then and later at the police station that his name was Blank. Defendant made no objection at the time of the testimony and the trial court overruled his motion for new trial which contained the assignments now being considered. Thus defendant failed to preserve the point for appellate review.

It seems obvious, however, that the fact that defendant gave a false name to the arresting officers, particularly in view of his statement that he had not been in the store but was only passing by, was a circumstance surrounding his arrest for the jury's consideration.

Defendant's assignment 20 is that the trial court erred in admitting court records pertaining to defendant's prior felony convictions for the reason that such evidence constituted an attack on the character of defendant when defendant had not put his character in issue. Suffice to say, as to this contention, that under our habitual criminal statute, Section 556.280 RSMo 1949, V.A.M.S., as construed by

this court, it is necessary for the state to aver and prove the prior conviction and the discharge of defendant, either by pardon or upon compliance with the sentence. State v. Jones, 339 Mo. 893, 895, 98 S.W.2d 586, 587 [3, 4]; State v. Murphy, 345 Mo. 358, 361, 133 S.W.2d 398, 400 [3–5]; State v. Hacker, Mo., 214 S.W.2d 413, 416 [6]. Consequently, rules of evidence which may be applicable in a criminal case wherein there is no charge under the habitual criminal statute could not prevent or make erroneous the presentation of the proof required by the mandate of the habitual criminal statute.

Assignment 22 charges the trial court with error in admitting state's exhibit 8. From remarks in the record we gather that exhibits 8 and 9 were some records purporting to show that defendant priorly had been convicted of a felony or felonies in a federal court, had been sentenced therefor, and had been discharged upon compliance with sentence. But the transcript of the record in the instant case does not contain exhibits 8 and 9. The nature of the attack made on exhibit 8 in defendant's motion for new trial makes it impossible for us to pass upon the validity of defendant's point in the absence of the exhibit. Defendant's statements in his unverified motion for new trial concerning the nature and contents of exhibit 8 do not prove themselves. State v. Burks, Mo., 257 S.W.2d 920 [5].

Assignments 23 and 24 are that it was error to permit the assistant to the warden of the city workhouse and the acting warden of the city jail to testify as to the contents of the respective record cards of those institutions as to receipt of and the discharge of defendant upon compliance with sentence. There is no merit in this contention. We have heretofore ruled that such records properly identified (as the instant records were) as the official records kept by the institution in question in the regular course of its business are "competent to show when the defendant was received and when discharged and that the sentence under which

he was confined had been complied with." State v. Hands, Mo., 260 S.W.2d 14, 20 [11], 21.

Other assignments of error need not be reviewed. Because of the error heretofore noted, the judgment is reversed and the case remanded for a new trial.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.