**STATE of Missouri, Respondent,**

v.

**Marion Duane DUNN, Appellant.**

**No. 45763.**

Supreme Court of Missouri,
En Banc.

Feb. 12, 1958.

**644**

L. Stanley Braton, James S. Formby, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Russell S. Noblet, Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

A jury in the Circuit Court of Jackson County found the defendant guilty of stealing a motor vehicle as charged in the amended information. It further found that he had been convicted of two prior felonies and assessed his punishment at ten years in the state penitentiary. Defendant's motion for a new trial was overruled and judgment was rendered in accordance with the verdict.

The defendant did not testify or offer any evidence in his behalf. The state's evidence tended to show that the defendant, on March 26, 1956, stole a 1950 Chrysler sedan from a parking lot in Kansas City. A policeman saw the defendant driving the automobile in the wrong direction on a one-way street, recognized the stolen car as that of a fellow police officer, and arrested the defendant. The day following his arrest the defendant signed a written statement which was introduced in evidence. This statement admitted the commission of the offense substantially as charged and proved by the state.

As a basis for increased punishment the state pleaded and proved by certified copies from the records that defendant had been convicted of two prior felonies. One was transporting a motor vehicle across state lines and the other was a first degree robbery conviction. The questions presented on appeal do not require a detailed statement of the evidence.

The defendant first assigns error in the admission in evidence and reading to the jury of portions of state's Exhibit No. 3 relating to imprisonments not charged in the information and a notation that the defendant was "wanted" upon his release from the penitentiary. The amended information alleged the defendant's conviction of two prior felonies, his imprisonment thereon and discharge. One was a conviction of first degree robbery in Jackson County, Missouri, for which punishment of five years in the Missouri State Penitentiary was assessed. State's Exhibit No. 3 was the certified transcript of defendant's serial record in the Missouri State Penitentiary. Under a heading "Former Imprisonment," the exhibit listed Raiford, Florida and Jessups, Maryland, in addition to the previous federal imprisonment which was pleaded. The exhibit also showed that the prisoner was "wanted by Chief police, St. Louis, Mo."

When state's Exhibit No. 3 was offered the defendant objected because the exhibit showed former imprisonments which were not charged in the information and also because it contained the comment that the defendant was wanted by the chief of police in St. Louis when discharged from the penitentiary. The objection was overruled and the exhibit admitted in evidence. The defendant then objected to the parts of the exhibit previously mentioned and requested "that these parts not be read to the jury inasmuch as they are highly prejudicial." The court overruled the objection, stating that the matters were in the record and "you have to show the whole record." The defendant excepted to the court's ruling.

■ Neither the pleading nor the proof was sufficient to make the memoranda of the Florida and Maryland imprisonments admissible under the Habitual Criminal Act. Sec. 556.280 RSMo 1949, V.A.M.S.; State v. Jones, 339 Mo. 893, 98 S.W.2d 586; State v. Martin, Mo., 275 S.W.2d 336, 338 [3]; State v. King, Mo., 275 S.W. 2d 310, 315 [5]. The record does not show that the defendant was convicted in Florida and Maryland and, if so, whether the charge was a felony or misdemeanor; nor does it show his discharge, either upon pardon or upon compliance with the sentence, as required by the statute.

■ If the imprisonment entries are to be taken as evidence of other crimes, apart from the prior felonies pleaded, they were inadmissible because when such evidence is not properly related to the cause on trial it violates the defendant's right to be tried for the offense with which he is charged by the information. Sec. 18(a), Art. I, V.A.M.S.Const. of Missouri 1945; State v. Ingram, Mo., 286 S.W.2d 733, 736 [4]; State v. Leonard, Mo., 182 S.W. 2d 548, 551 [7].

■ On the same authority the statement that the defendant was wanted by the police of the City of St. Louis upon release was not relevant or material and did not have any proper place before the jury. See also Wharton's Criminal Evidence, 12th Ed., Vol. 1, § 232, p. 495.

■■ The court properly admitted Exhibit No. 3, but its use should have been limited at defendant's request by excluding from the jury's consideration the references to the imprisonments in Florida and Maryland and the memorandum that the defendant was wanted by the St. Louis police at the expiration of his imprisonment. The prosecuting attorney should not have been permitted to read these matters to the jury. In Soulard v. Clark, 19 Mo. 570, 578–579, the court stated: "But the rule of practice is well settled that, where a record is proper evidence of a fact, it

will be admitted, and the opposite party is left to his motion to exclude the irrelevant matter from the consideration of the jury." See also Holtz v. Daniel Hamm Drayage Co., 357 Mo. 538, 209 S.W.2d 883, 886; Rupp v. Guardian Life Ins. Co., Mo.App., 170 S.W.2d 123, 129–130; Wharton's Criminal Evidence, 12th Ed., Vol. 1, § 233, Vol. 2, §§ 560 and 627; Wigmore on Evidence, 3rd Ed., Vol. 7, § 2102(a). We conclude that the court erred in failing to exclude these extraneous matters and under the circumstances such error was prejudicial. Other matters assigned as error need not be determined, since they are not likely to recur at another trial.

The judgment is reversed and the cause remanded.

All concur.