Charles N. **JOHNSTONE**, Appellant,

v.

Harold R. **SWENSON**, Warden Missouri State Penitentiary, Appellee.

No. 17495.

United States Court of Appeals
Eighth Circuit.

July 14, 1966.

Charles N. Johnstone filed typewritten brief pro se.

Thomas F. Eagleton, Atty. Gen., and Howard L. McFadden, Asst. Atty. Gen.,

Jefferson City, Mo., filed typewritten brief for appellee.

Before JOHNSEN, MATTHES and RIDGE, Circuit Judges.[1]

PER CURIAM.

After a full evidentiary hearing, the District Court found against appellant (a Missouri prisoner) on his habeas corpus contentions and denied his petition for a federal writ.

The Court made appointment of counsel to represent appellant; required the Warden of the Missouri State Penitentiary to have appellant present, both at a pretrial conference and throughout the final hearing; gave appellant liberal range in his testimony; and beyond the advocacy of his counsel permitted appellant to engage in personal statement.

Appellant's conviction was one occurring in 1956 for the offense under §§ 560.120 and 560.135 R.S.Mo.1949, V.A. M.S., of robbery in the first degree by means of a dangerous and deadly weapon, with the jury finding that the violation was committed by appellant as an habitual criminal under §§ 556.280 and 556.-290 of the Missouri statutes, and with it fixing his punishment on this basis at life imprisonment under § 556.280(1).

The judgment was reviewed and affirmed by the Supreme Court of Missouri in State v. Johnstone, Mo.Sup., 335 S.W.2d 199. Affirmance further was made in State v. Johnstone, Mo.Sup., 350 S.W.2d 774, 775, of the denial of a motion to vacate judgment and sentence under Mo.Crim.Rule 27.26, V.A.M.R., corresponding in substance to 28 U.S.C.A. § 2255. Other unsuccessful attempts at collateral attack had also been engaged in prior to the filing of this federal petition.

Appellant denominates as the principal question here his contention that due-process right to a fair trial was violated by the prosecuting attorney's reference on voir dire of the panel of veniremen to the two prior felony convictions against him, which had been averred in the information as a basis for bringing his robbery offense within the punishment provisions of the Missouri Habitual Criminal Act. He argues that such mention at this early impressionable stage of the proceedings necessarily operated to infect and prejudice the minds of the jurors generally, so that it was required to be held as a matter of law that there did not exist an impartial trial jury.

As the Missouri Habitual Criminal Act then stood, the existence of a previous conviction, even though the evidence thereon was not disputed, was left as a question of fact for the jury, in the jury's prerogative under Missouri law of dealing with the assessment of increased punishment. Missouri practice has accordingly permitted reference to be made to such duly averred convictions in the interrogation of venire members as to views and attitudes for qualification purposes.[2] See State v. Mosier, Mo.Sup., 102 S.W.2d 620, 623; State v. Murphy, 345 Mo. 358, 133 S.W.2d 398, 400.

The Missouri Supreme Court has held that trial interjection of a previous conviction for a purpose or on a basis which is without an established legal warrant constitutes prejudice as a matter of law, but that such previous-conviction use as is within the authorization of the Habitual Criminal Act is a matter of due legal warrant. State v. St. Clair, Mo. Sup., 261 S.W.2d 75, 78; State v. Mallory, Mo.Sup., 349 S.W.2d 916.

Such use of previous convictions can hardly be regarded as being of any different nature in possible prejudice than the traditionally recognized right to make known to a jury the fact of prior felony convictions in impeachment of a defendant who takes the witness stand.

1. Judge Ridge has been unable to participate in the final disposition of this case because of illness.

2. The Missouri statute has since been amended, leaving the question of previous conviction to "be heard and determined by the trial judge, out of the hearing of the jury * * *." See present § 556.280 V.A.M.S.

Thus all that need be said here is that due-process concept of fair trial has never been held to make impossible the establishing of any legal warrant whatever for some regulated use of previous convictions in relevant trial incident.

Beyond this aspect, appellant argues however that the interjection of one of his previous convictions was without any such established warrant, in that it was for a Dyer Act violation, 18 U.S.C.A. § 2312, which he says could not be used under the Missouri Habitual Criminal Act, and that on this basis his increased punishment was violative of due process.

The Missouri Habitual Criminal Act has been held to authorize the use of federal convictions, as well as those of other states. State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 330–331; State v. Collins, Mo.Sup., 383 S.W.2d 747, 752. All that is required is that the conviction used be "of an offense which, if committed in this state, would be punishable by the laws of this state by imprisonment in the penitentiary." § 556.290.

Appellant's argument is that the offense under the Dyer Act of knowingly transporting a stolen automobile across a state line is not and could not be made a punishable offense by the State of Missouri. But § 541.040 of the Missouri statutes provides that "Every person who shall steal * * * property of another in any state * * *, and shall bring the same into this state, may be convicted and punished for larceny in the same manner as if such property had been feloniously stolen or taken in this state * * *".

While the Missouri Supreme Court did not engage in passing on the merits of this contention of appellant in his collateral-attack proceeding under Rule 27.26, supra, 350 S.W.2d 774, 777, because it regarded the question as involving at most only possible error and not due-process infirmity in relation to his punishment, the District Court here consideredly held that the offense under Missouri § 541.040 was sufficiently similar in nature and purpose to that under the Dyer Act to bring the use of a Dyer Act conviction within the language and object of the Habitual Criminal Act.

Both the Dyer Act and Missouri § 541.040 manifestly would be violated by any bringing into Missouri by a thief of a motor vehicle stolen by him in another state. While the Dyer Act uses the language "knowing the same to have been stolen", and the Missouri statute the language "who shall steal", in reference to who would become an offender by bringing a stolen automobile into Missouri, we have but little difficulty in believing that anyone who knowingly brings a stolen automobile into Missouri, intending thus to deprive the owner further thereof, would be regarded, although he may not have done the initial stealing, as having engaged in such stealing for purposes of the "bringing" into the state, which the Missouri statute was designed to prevent, as would violate the statute.

■ In any event, we think that such substantial basis existed for the District Court's regarding a Dyer Act conviction as having sufficient equivalence to one under the Missouri statute to be entitled to application under the Missouri Habitual Criminal Act, and for the Court's concluding that the Missouri Supreme Court would so hold, that we are without persuasion of probable error and can see no due-process question of substance in relation to appellant's sentence.

■ Two of appellant's other contentions call for only brief mention and consideration here. One is that the record on which the Missouri Supreme Court made review of his conviction was not "a truthful record of trial happenings" and so did not afford him due process. As the District Court held, none of the trivial things pointed out by appellant was material on the merits of his appeal, so that this contention is utterly frivolous.

Nor is it necessary to engage in any detailed discussion here of appellant's contention that his appointed counsel failed to provide such effective assistance and representation as to measure up to due process. This question was

carefully considered by the District Court, which found that appellant had been "effectively represented by his counsel in the state trial court". Beyond its appraisal of the services of counsel as to the particular situation, the District Court also noted that counsel "had had a much more extensive criminal practice and experience in the trial of defendants charged with criminal offenses than have most attorneys in this area and is considered a capable trial attorney in criminal cases." Charges against the representation afforded appellant by his counsel were also made on the appeal taken from his conviction and were found by the Missouri Supreme Court to be without merit. 335 S.W.2d at 206–207.

We have throughly reviewed the record and agree with the District Court that no basis exists for a claim of lack of due process in relation to the legal representation with which appellant was provided in his trial. The fact of the matter is that the evidence of appellant's guilt was so overwhelming that counsel was hard put as to any strategy, except trying as much as possible to keep the jury from becoming hardened toward appellant. The contention of lack of effective representation is here the characteristic indictment made by a prisoner against a lawyer where he has received a sentence beyond his relish.

The remaining contention of appellant relates to the use of a confession against him, and this is the only contention on which we have had any pause. We have in fact held up disposition of the case somewhat unduly to allow the cloudy atmosphere which has collaterally surrounded this field to become a little clarified. We felt that time probably would be saved in relation to making the situation reach a finality.

Appellant's confession had consisted of an oral answer made by him to a question by a Kansas City detective as to whether he had committed the department store robbery involved. Appellant answered that he had. The questioning occurred the morning following the robbery in a hospital room to which appellant had been taken because of a bullet wound in his leg from a shot fired by a policeman in effecting appellant's capture. The facts as to appellant's capture and arrest were without dispute in the evidence. As he left the store after the robbery, he was followed and kept in sight by an employee who had observed him at the cashier's window where the robbery occurred. When appellant entered a movie theater a half a block from the store, the employee called two nearby policemen, who found appellant in the men's washroom of the theater. As the officers approached him, appellant fired a shot at them, and one of the officers responded, hitting appellant in the leg. Appellant still had the money which had been taken from the store.

The answer which appellant made to the detective as to his having committed the robbery would hardly have been of any trial importance in the absolute proof which was made of his commission of the act, but nevertheless the detective's testimony was used by the prosecution. Appellant's counsel made no objection to the introduction of appellant's answer, so that the Court was not called upon preliminarily to pass on the question of its voluntariness.

The District Court here, however, opened the door fully to the question of the voluntariness of the confession. While the Court referred to the confession as an admission and held that it "was not shown to have been made involuntarily", it seems clear from the Court's order, findings, and conclusion in their whole that the effect and intent of the determination were that the fact was that appellant had made the statement, contrary to his assertion that he had not done so; that the fact was that he was not under the influence of drugs, as he asserted he must have been if he made the statement; that the fact was that he was not in pain such that he did not know or care what he was doing, as he argued must have been the situation; and that the fact was that the circumstances of the situation were not otherwise such as to cast any doubt upon the

nature and voluntariness of what occurred. Thus, appellant admitted that the door to the hospital room in which the conversation occurred had been kept open, and his testimony showed full recollection in other respects of the incidents and details of the morning involved.

 Without further extension, we are satisfied that appellant has had in this proceeding his full day in court on the voluntariness of the confession, and that the District Court was warranted in concluding that the admission which he made as to his having committed the robbery was not the product of an overbearing of his will, nor were the circumstances or his condition such as to leave any lingering doubt as to his knowledge, understanding and intention in relation to what he said and did.

As noted, we have held this case, and we have accordingly given consideration to the situation in the light of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, and Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895.

Affirmed.

Albert V. Bryan, Circuit Judge, dissented.